Per Curiam.

The facts of this case are somewhat complicated ; when understood, we think there is no great difficulty in the application of the rule of law.
It is quite clear, that the note was negotiated to the plaintiff, when overdue, and therefore he must take it subject to any legal defence which might be made to it, if it remained in the hands of the promisee.
Two grounds of defence are relied upon ; want of consideration, and payment.
As to the first, the facts do not warrant it. The defendant and Bartlett made an exchange of notes, for equal amounts, for the purpose of raising money, and without any restraint in the negotiation of them. Each therefore was a good consideration for the other, and each party might negotiate the note of the other, or hold and collect it in his own name, as he thought fit. But it has been argued, that the note given by Bartlett to the defendant was meant only as a receipt or defeasance intended to cancel the note in suit in this action. But this argument is directly repugnant to the fact agreed, that the defendant took a note from Bartlett. It must therefore be taken to be a promissory note, a valid and available contract for the payment of money to himself or his order, according to the terms of it ; and so Carey himself considered it, by putting it in suit, long before this action was brought, and obtaining a judgment on it.
As little ground is there for maintaining the defence of payment. Had the note been paid by the defendant, either to Mills or any other holder, after it was due, it could not be indorsed over so as to charge him again. But it was not paid by *217 him or with his money. The facts show, that when the note was in the hands of Mills, the defendant became surely with Bartlett, on another note, to raise money to enable him, Bartlett, to take it up, and this was done. But the money thus raised was Bartlett’s money, notwithstanding the defendant was his surety. Whether the defendant has paid this note on which he was surety for Bartlett, does not appear, nor would it make any difference. If he has, he has his remedy over against Bartlett for money paid to his use; or for aught appears, he may have adequate indemnity. In either view, the money thus raised was Bartlett’s money, and therefore the note was taken up by him, as promisee and indorser. But it is well settled, that one who takes up a note as indorser may either sue the promisor for money paid, or indorse the note, in such manner as to charge the promisor, at his election, and though thus negotiated when overdue, the indorsee may maintain an action against the promisor, or other prior parties who may be chargeable. Guild v. Eager, 17 Mass. R. 615. This payment to Mills, having been made by Bartlett, the indorser, he might well transfer it to the plaintiff, though overdue at the time, and the plaintiff’s action upon it is well maintained.[1]

Judgment on the default.

 The able editors of the second American edition of Bayley on Bills, seem, upon apparently very cogent reasons, to entertain strong doubts of the entire correctness of the above conclusion. Bayley on Bills, (2d Am. ed.) 529, note (z.)